PER CURIAM.
11 Tobie Gillespie was charged with two counts of attempted first degree murder and one count of possession of a firearm while in the possession of a controlled dangerous substance. He was tried by a jury, which convicted him of illegal carrying of weapons and one count of the responsive offense of attempted manslaughter. The jury acquitted him of the remaining attempted murder charge.
After sentencing, defendant appealed his convictions and sentences to this Court. Shortly after the appellate record was lodged, defendant filed a motion to supplement the record with a PowerPoint presentation shown by the state to the jury venire during voir dire. Defendant claims the presentation introduced unprofessional personal elements into the trial. Defendant also claims that the prosecutor’s comments regarding the reaction of the judge’s staff to the presentation indirectly allowed the prosecutor to inform the jury that he had special access to the judge’s staff. Counsel requested supplementation of the record so that she could view the presentation and file a supplemental brief on any issues raised during her viewing. While this motion was pending, the state provided defense counsel a copy of the presentation, and counsel has now filed a separate motion proffering the presentation to this Court.
The voir dire transcript reflects that the trial court instructed the panel, before the presentation was played, that the PowerPoint presentation was simply a tool the prosecutor used to assist with the selection *708 process but the court would actually instruct the jury on the specific laws to be applied. The court also indicated that the defense would be allowed to show a presentation if defense counsel so desired.
The prosecutor began his portion of the voir dire with conventional explanations and questions to the jury. The transcript does not indicate the precise point when the presentation began, but it indicates the prosecutor began to refer to photographs at the start of his discussion of circumstantial and physical evidence. In his narrative, he identified his spouse and pets and presented an inquiry to be resolved through the use of circumstantial and direct evidence. The prosecutor used the presentation and his explanation to |j»show the potential jurors the difference between the types of evidence and their uses.
The presentation was never introduced into evidence. The court reporter recorded and transcribed the verbal comments the prosecutor made as the slides were shown to the prospective jurors. The defense attorney did not object to the use of the presentation or request that it be included in the record. Although present counsel alleges that, depending on the content of the presentation, the failure to object “may” -have been harmful to the defense case as a whole, we do not find these allegations sufficient to warrant inclusion into the appellate record of a computer-assisted presentation that was not introduced as if it were evidence at the trial. The PowerPoint presentation is not evidence, never having been introduced nor objected to. The transcript contains all comments at closing made by the prosecutor. Accordingly, defendant’s motion to supplement the record is denied.
MOTION TO SUPPLEMENT THE RECORD DENIED.
GUIDRY, J., concurs and assigns reasons.